UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FORCEFIELD ENERGY, INC.,
SECURITIES AND DERIVATIVE LITIGATION                    MDL No. 2655


ORDER DENYING TRANSFER


**Before the Panel:** Lead plaintiff in the Southern District of New York consolidated securities action moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of New York. This litigation consists of five actions, two derivative actions pending in the Eastern District of New York and three securities actions, which have been consolidated, in the Southern District of New York, as listed on Schedule A. No responding party opposes centralization, but there is some disagreement as to the transferee district for this litigation. Plaintiff in the Eastern District of New York *Brown* action supports centralization in the Eastern District of New York, which plaintiff in the Eastern District of New York *Su* action does not oppose. Defendants[1] do not oppose the motion but prefer centralization in the Southern District of New York.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary to serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions unquestionably share some factual questions arising from allegations that defendants: (1) employed strawman transactions to boost ForceField stock prices; (2) paid promoters and broker dealers to tout ForceField and its stock to investors without disclosing the paid nature of the promotions or that ForceField management reviewed submissions before publication; and (3) hid their unsavory past involvement in previous fraudulent or questionable endeavors.

Where only a minimal number of actions are involved, the proponents of centralization bear a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Movant has not met that burden here. Although we have centralized other securities and derivative litigation that involved fewer cases, the cases here are pending in adjacent districts and involve only a small number of counsel and judges. In these circumstances, cooperative efforts by the parties and involved courts are superior to formal centralization. *See, e.g., In re: American Express Co. Anti-Steering Rules Antitrust Litig.*, 657 F. Supp. 2d 1365 (J.P.M.L. 2009) (denying centralization of six actions pending in adjacent districts, noting that the involved courts can "coordinate their efforts in order to avoid as much as practicable inconsistent pretrial rulings."). Should the need arise, we encourage the parties to employ available alternatives to transfer to minimize the potential for duplicative discovery and inconsistent pretrial

---

[1] Defendants David Natan, Jason Williams, David Vanderhorst, Adrian Auman, Kébir Ratnani and ForceField Energy, Inc.

-2-

rulings.  *See, e.g., In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004); 28 U.S.C. § 1404(a).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: FORCEFIELD ENERGY, INC.,**
**SECURITIES AND DERIVATIVE LITIGATION**                    MDL No. 2655

## SCHEDULE A

<u>Eastern District of New York</u>

BROWN v. FORCEFIELD ENERGY, INC., ET AL., C.A. No. 1:15-02782
SU v. ST. JULIEN, ET AL., C.A. No. 1:15-04080


<u>Southern District of New York</u>

IN RE: FORCEFIELD ENERGY, INC., SECURITIES LITIGATION,
    C.A. No. 1:15-03020
MILLER v. FORCEFIELD ENERGY, INC., ET AL., C.A. No. 1:15-03141
ROSALES, ET AL. v. FORCEFIELD ENERGY, INC., ET AL., C.A. No. 1:15-03279